IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AVERY MIGUEL PERRY, SR., *et al.*, | : | |
|     Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-1872 |
| | : | |
| MICHELE PAOLILLO (ROMERO), | : | |
| *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

**SLOMSKY, J.**                                                                                                       **JUNE  21, 2022**

Currently before the Court is a Complaint filed by Plaintiff Avery Miguel Perry, Sr., a self-represented litigant, who raises claims on behalf of himself and his minor son in connection with criminal proceedings filed against Perry that led to his imprisonment and the loss of custody of his son.  Perry seeks to proceed *in forma pauperis*.  For the following reasons, the Court will grant Perry leave to proceed *in forma pauperis*, dismiss without prejudice any claims raised on behalf of his minor child, dismiss Perry's federal claims with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, and dismiss Perry's state law claims for lack of subject matter jurisdiction.

**I.      FACTUAL ALLEGATIONS**[1]

---

[1] The following allegations are taken from the Complaint and public records, of which the Court may take judicial notice.  *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).  After filing his initial Complaint, Perry filed a "Complaint Continued," which the Clerk's Office docketed as an "Amended Complaint."  (ECF No. 13.)  The document is not in the form of a pleading in that it does not have a caption, identify defendants, state the basis for the Court's jurisdiction, or state the relief Perry seeks.  *See* Fed. R. Civ. P. 8 & 10.  It is also unsigned.  *See* Fed. R. Civ. P. 11.  The Court understands this document to have been filed as an extension of the initial Complaint, rather than an amended complaint.  For these reasons, the Court will treat the initial Complaint as the governing pleading in this case.  Furthermore, the Federal Rules of Civil Procedure do not contemplate piecemeal pleadings or the amalgamation of pleadings, even

Perry names three Defendants: (1) Brianna Paolillo, identified as the mother of Perry's minor son; (2) Michele Paolillo Romero, identified as Brianna's mother; and (3) the Montgomery County District Attorney's Office. (Compl. at 1-2.)[2] Perry alleges that Paolillo and Romero "framed him to be arrested" on March 7, 2016, by placing a firearm and bag of marijuana at his residence. (*Id.* at 3.) Perry claims that he was arrested at gunpoint, his son was "ripped away from" him, and the room he was renting was raided. (*Id.*) Police officers found the gun and marijuana, which led to his prosecution and imprisonment. (*Id.*) Perry avers that Paolillo attended his preliminary hearing and "admitted that she put those items in [Perry's] house." (*Id.*) According to the public docket for the criminal proceeding, Perry pled guilty to harassment on May 10, 2016, and additional proceedings concluded in July of 2017. *Commonwealth v. Perry*, CP-46-CR-0002259-2016 (Montgomery C.P.). It does not appear that Perry was convicted of any gun or drug-related crimes in connection with the events of March 7, 2016.

Perry also alleges that Romero and Paolillo conspired against him and his minor son while he was incarcerated by selling his son to another family two days after Perry's arrest.[3]

---

in the context of a *pro se* litigant. *See Bryant v. Raddad*, No. 21-1116, 2021 WL 2577061, at *2 (E.D. Pa. June 22, 2021) ("Allowing a plaintiff to file partial amendments or fragmented supplements to the operative pleading, 'presents an undue risk of piecemeal litigation that precludes orderly resolution of cognizable claims.'" (quoting *Uribe v. Taylor*, No. 10-2615, 2011 WL 1670233, at *1 (E.D. Cal. May 2, 2011)); *Brooks-Ngwenya v. Bart Peterson's the Mind Tr.*, No. 16-193, 2017 WL 65310, at *1 (N.D. Ind. Jan. 6, 2017) ("Piecemeal pleadings cause confusion and unnecessarily complicate interpretation of a movant's allegations and intent[] . . . ."). Nevertheless, even considering the allegations in this additional filing as part of the Complaint as well as the numerous "Exhibits" filed by Perry, they do not cure the defects in Perry's claims, as set forth below.

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

[3] This allegation appears to refer to the fact that another couple was granted custody of and/or adopted Perry's son. (*See* ECF No. 13 at 1.)

(Compl. at 3.)  He contends that Romero encouraged Paolillo to sell Perry's son because it would "destroy [him] mentally and emotionally and it was her second child." (*Id.*)  In connection with this conspiracy, Romero and Paolillo allegedly fabricated various lies about Perry, which resulted in termination of his parental rights and loss of custody of his son. (*Id.*)

Based on these allegations, Perry raises claims pursuant to 42 U.S.C. § 1983 for violation of his constitutional rights, as well as tort claims under state law.[4] (*Id.* at 4.)  Perry asserts that the Defendants' actions caused him and his son "emotional and psychological damage" and affected his parental rights, liberty, and property. (*Id.*)  Perry seeks expungement of "[a]ll cases involved," reinstatement of his parental rights, custody of his son, and damages.[5] (*Id.*)

---

[4] To the extent Perry is attempting to bring claims under the Universal Declaration of Human Rights, the United States Court of Appeals for the Third Circuit has recognized that "the Universal Declaration of Human Rights is a non-binding declaration that provides no private rights of action." *United States v. Chatman*, 351 F. App'x 740, 741 (3d Cir. 2009) (citing *Sosa v. Alvarez-Machain*, 542 U.S. 692, 734 (2004)).  Nor is there any basis for Perry to bring claims under federal criminal statutes. *See Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone."); *Jones v. TD Bank*, 468 F. App'x 93, 94 (3d Cir. 2012) ("To the extent that Jones attempted to sue under the Federal Mail Fraud statute, 18 U.S.C. § 1341, he lacked a private right of action to do so.") (citing *Wisdom v. First Midwest Bank*, 167 F.3d 402, 408 (8th Cir. 1999) (collecting cases)).  Accordingly, any claims based on criminal statutes or the Universal Declaration of Human Rights must be dismissed.

[5] Perry also seeks to charge Romero and Paolillo with crimes.  However, "[a] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (finding that a citizen lacks standing to contest prosecutorial policies "when he himself is neither prosecuted nor threatened with prosecution") (citations omitted); *Lewis v. Jindal*, 368 F. App'x 613, 614 (5th Cir. 2010) ("It is well-settled that the decision whether to file criminal charges against an individual lies within the prosecutor's discretion, and private citizens do not have a constitutional right to compel criminal prosecution.") (citations omitted); *Smith v. Friel*, No. 19-943, 2019 WL 3025239, at *4 (M.D. Pa. June 4, 2019), *report and recommendation adopted*, 2019 WL 3003380 (M.D. Pa. July 10, 2019) (collecting cases and stating "courts have long held that a civil rights plaintiff may not seek relief in civil litigation in the form of an order directing the criminal prosecution of some third parties").  Accordingly, the prosecution or imprisonment of Romero and Paolillo is not relief Perry may receive for his § 1983 claims.

## II. STANDARD OF REVIEW

The Court grants Perry leave to proceed *in forma pauperis* because it appears that he incapable of paying the fees to commence this case.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  Furthermore, the Court must dismiss any claims over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).  As Perry is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III. DISCUSSION

### A. Claims Brought on Behalf of Perry's Son

Perry lacks standing to bring claims on behalf of his minor son.  "[A] plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim. *See Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) (quotations

4

omitted)).  Additionally, *pro se* litigants who are not attorneys may not represent anyone else in federal court, including their children.  See *Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-3 (3d Cir. 1991) (father could not pursue claims on behalf of minor children); *Pinkney v. City of Jersey City Dep't of Hous. & Econ. Dev.*, 42 F. App'x 535, 536 (3d Cir. 2002) (*per curiam*) ("[A] guardian or parent cannot represent an incompetent adult in the courts of this Circuit without retaining a lawyer.").  Accordingly, the Court must dismiss any claims Perry brings on behalf of his son without prejudice for lack of standing and will address Perry's own claims below.  See, e.g., *Chang v. Dep't of Servs. for Child., Youth, & their Fams., Div. of Fam. Servs.*, 790 F. App'x 435, 437-38 (3d Cir. 2019) (*per curiam*) (father lacked standing to address children's claims on appeal); *Jackson v. Bolandi*, No. 18-17484, 2020 WL 255974, at *5 (D.N.J. Jan. 17, 2020) ("Here, *pro se* Plaintiff does not have standing to assert any claims on behalf of her daughter.").

### B. Section 1983 Claims

#### 1. Claims Against Romero and Paolillo

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988). Whether a defendant is acting under color of state law — i.e., whether the defendant is a state actor — depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself."  *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted).  "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists:  (1) whether the private entity has

exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

Romero and Paolillo are private citizens, rather than state actors.  Although they are alleged to have framed Perry and lied to authorities to cause his arrest and imprisonment, providing false information to police does not transform a private citizen into a state actor for purposes of § 1983.  *See Baack v. Rodgers*, No. 14-875, 2014 WL 4632380, at *1, 3 (E.D. Pa. Sept. 17, 2014) (rejecting § 1983 false arrest claim against a hospital and two of its employees who filed a police report regarding plaintiff's conduct because "reporting suspicious conduct to the police — or answering police questions about that conduct — without more, does not transform the Hospital Defendants into state actors" (citations omitted)); *Collins v. Christie*, No. 06-4702, 2007 WL 2407105, at *4 (E.D. Pa. Aug. 22, 2007) ("[E]ven if Dr. Columbo intentionally provided the false information to the police, the plaintiff would still fail to state a claim under § 1983."); *O'Neil v. Beck*, No. 04-2825, 2005 WL 2030319, at *2 (M.D. Pa. Aug. 4, 2005) (concluding that allegations that a private citizen filed a false police report and wanted to see the plaintiff arrested are "simply insufficient" to establish that the private citizen is a state actor for purposes of a claim brought pursuant to § 1983).  In sum, there is no basis for concluding that Romero and Paolillo are state actors subject to liability under § 1983, so Perry's constitutional claims against them are not plausible.[6]

---

[6] Perry's recent filing suggests a possible intention to add as Defendants the couple who adopted and/or obtained custody of his son.  (*See* ECF No. 13-1.)  These private individuals are also not state actors, so there is no basis for a § 1983 claim against them on the facts presented.  *See*

### 2. Claims Against the Montgomery County District Attorney's Office

Perry has also failed to state a § 1983 claim against the Montgomery County District Attorney's Office for various reasons. First, this Defendant is not an entity subject to suit under § 1983. *See Reitz v. Cty. of Bucks*, 125 F.3d 139, 148 (3d Cir. 1997) ("[T]he Bucks County District Attorney's Office is not an entity for purposes of § 1983 liability."); *see also Briggs v. Moore*, 251 F. App'x 77, 79 (3d Cir. 2007) (*per curiam*) ("[T]he Monmouth County Prosecutor's Office is not a separate entity that can be sued under § 1983."). *But see Sourovelis v. City of Philadelphia*, 103 F. Supp. 3d 694, 711-12 (E.D. Pa. 2015) ("[T]he Court concludes that neither § 16257 nor *Reitz* bars suit against the D.A.'s Office under the circumstances of this case."). Second, even if the Montgomery County District Attorney's Office were subject to liability, Perry has not alleged a plausible basis for municipal liability because nothing in the Complaint suggests that the alleged violations of Perry's rights stemmed from a municipal policy or custom. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978) (to state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation); *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009) (explaining that the plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard). Third, Perry's claims based on his arrest on March 7, 2016 and any related searches and seizures are time-barred because those claims accrued more than two years before Perry filed this civil action on May 9, 2022.[7] *See* 42 Pa.

---

*Leshko*, 423 F.3d at 347 ("[F]oster parents in Pennsylvania are not state actors for purposes of liability under § 1983.").

[7] It also appears that any malicious prosecution and false imprisonment claims are either time-barred or barred by the principle set forth in *Heck v. Humphrey*, *i.e.*, that "to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff

Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *see also Ojo v. Luong*, 709 F. App'x 113, 116 (3d Cir. 2017) (*per curiam*) ("Most of [plaintiff's claims] accrued when defendants conducted their searches and seizures on July 11, 2011, because [plaintiff] knew or should have known the basis for these claims at that time").  Accordingly, the Court will dismiss Perry's § 1983 claims against the Montgomery County District Attorney's Office.

### C.  State Law Claims

The Court lacks subject matter jurisdiction over Perry's remaining state law claims.[8]  The only independent basis for exercising jurisdiction of these claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required.  This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).  An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).

---

must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]"  512 U.S. 477, 486-87 (1994) (footnote and citation omitted).

[8] The Court declines to exercise supplemental jurisdiction over Perry's state law claims due to the dismissal of his federal claims.

Perry does not allege the citizenship of the parties and his use of Pennsylvania addresses for himself and the Defendants suggests that the parties are not diverse. Furthermore, the Court may not exercise diversity jurisdiction to grant Perry custody of his son; matters of child custody must instead be handled in state court. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (concluding "that the domestic relations exception, as articulated by this Court since *Barber* [*v. Barber*, 62 U.S. 582 (1858)], divests the federal courts of power to issue divorce, alimony, and child custody decrees"); *Matusow v. Trans-Cty. Title Agency, LLC*, 545 F.3d 241, 245 (3d Cir. 2008) (The modern rule, as expressed in *Ankenbrandt,* provides "that the domestic relations exception encompasses only cases involving the issuance of a divorce, alimony, or child custody decree"). Accordingly, the Court will dismiss Perry's state law claims for lack of jurisdiction without prejudice to him refiling those claims in state court if he chooses to do so.[9]

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant Perry leave to proceed *in forma pauperis*, dismiss any claims brought on behalf of his son without prejudice for lack of standing, dismiss Perry's federal claims for failure to state a claim, and dismiss his state law claims without prejudice for lack of subject matter jurisdiction. Perry will not be given leave to file an amended complaint because the Court concludes that amendment would be futile. An Order follows, which dismisses this case. Perry's Petition for Emergency Relief from Abuse will be denied due to the dismissal of this case.

**BY THE COURT:**

  /s/Joel H. Slomsky, J.   
**JOEL H. SLOMSKY, J.**

---

[9] The Court expresses no opinion on the merits of any such claims.